Raymond H. HAUGEN and Lois
Haugen, Petitioners,

v.

**WESTERN FEDERAL SAVINGS AND
LOAN ASSOCIATION OF DENVER,**
Respondents.

**No. 81SC191.**

Supreme Court of Colorado,
En Banc.

Aug. 3, 1982.

Robert A. Lehman, Denver, for petitioners.

Ann E. Fox, Janene B. Duthie, Robert V. Stailey, Terry L. Christopher, Denver, for respondents.

Joseph A. Davies, Curtis W. Shortridge, Denver, Attorneys for amicus curiae Joseph A. Davies, P. C.

R. Dale Tooley, Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Denver, for The People of the State of Colorado ex rel. Dale Tooley, Dist. Atty. in and for the Second Judicial Dist.

Fairfield & Woods, Patrick F. Kenney, Rocco A. Dodson, Denver, for amicus curiae Midland Federal Sav. and Loan Ass'n.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Marshall A. Snider, First Asst. Atty. Gen., Denver, for amicus curiae J. D. MacFarlane, Atty. Gen.

Harvey Simon, John E. Gunther, Washington, D. C., for amicus curiae Federal Home Loan Bank Bd.; Thomas P. Vartanian, Ralph W. Christy, Washington, D. C., of counsel.

Calkins, Kramer, Grimshaw & Harring, Victor L. Wallace, II, James S. Bailey, Jr., Thomas T. Tornow, Denver, for amicus curiae Sav. and Loan League of Colorado, Inc.

ROVIRA, Justice.

We granted certiorari to review a decision of the Colorado Court of Appeals which affirmed the district court. *Haugen v. Western Federal Savings and Loan Association*, 633 P.2d 497 (Colo.App.1981). We affirm.

The facts of this case are not in dispute and will be briefly stated. In 1977 Richard and Joan Larson (Larsons) executed a promissory note for the benefit of Western Federal Savings and Loan Association (Western), a federally chartered savings and loan association, in the principal amount of $46,000 with interest at the rate of 8.75% per annum. The note was secured by a deed of trust encumbering residential property. The deed of trust contained a due-on-sale provision that allowed Western to accelerate the unpaid balance of the note upon sale of the property.[1]

In 1979 Raymond H. and Lois Haugen (Haugens) purchased the property from the Larsons. In lieu of declaring the promissory note due and payable under the due-on-sale clause, Western submitted an Assumption and Modification Agreement to the closing agent conducting the transfer of the property. The Agreement increased the interest rate on the promissory note to 11% per annum and was signed by the Haugens and Western. The day after the closing, the Haugens asked that the interest rate on the note be adjusted to 9.75% per annum, relying on section 38–30–165(1)(b), C.R.S. 1973 (1981 Supp.) to support their request.

Western refused, claiming that as a federally chartered savings and loan association it was authorized by regulation[2] issued by the Home Loan Bank Board (Board) to invoke the due-on-sale clause and that the regulation preempted state law, particularly the interest limitation found in section 38–30–165(1)(b), C.R.S.1973 (1981 Supp.).

The Haugens filed suit against Western, alleging that Western was bound by the provisions of section 38–30–165(1)(b), C.R.S. 1973 (1981 Supp.), and thus was prohibited from increasing the interest rate on their promissory note by more than 1% per annum. Western filed a motion for summary judgment contending that there were no disputed issues of fact and it was entitled to judgment as a matter of law.

The trial court granted the defendant's motion, holding that federal regulations permitting federally chartered savings and loan associations to use "due-on-sale" clauses in their mortgage contracts preempted state restrictions set out in section 38–30–165, C.R.S.1973 (1981 Supp.).[3]

1. The due-on-sale clause in the deed of trust states:

"If all or any part of the property herein described or an interest therein is sold or transferred by party of the first part without holder's prior written consent, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) the creation of a purchase money security interest for household appliances, (c) a transfer by devise, descent or by operation of law upon the death of a joint tenant or (d) the grant of any leasehold interest of three years or less not containing an option to purchase, holder may, at holder's option, declare all the sums secured by this Deed of Trust to be immediately due and payable. Holder shall have waived such option to accelerate if, prior to the sale or transfer, holder and the person to whom the property herein described is to be sold or transferred reach agreement in writing that the credit of such person is satisfactory to holder and that the interest payable on the sums secured by this Deed of Trust shall be at such rate as holder shall request."

2. The regulation, now 12 CFR § 545.8–3(f) (1982), provides in relevant part:

"[A federal savings and loan] association continues to have the power to include, as a matter of contract between it and the borrower, a provision in its loan instrument whereby the association may, at its option, declare immediately due and payable sums secured by the association's security instrument if all or any part of the real property securing the loan is sold or transferred by the borrower without the association's prior written consent. Except as [otherwise] provided in . . . this section . . ., exercise by the association of such option (hereafter called a due-on-sale clause) shall be exclusively governed by the terms of the loan contract, and all rights and remedies of the association and borrower shall be fixed and governed by that contract."

3. Section 38–30–165(1)(b), C.R.S.1973 (1981 Supp.), provides:

"Unreasonable restraints on the alienation of property—prohibited practices. (1) Sub-

The court of appeals, in affirming, held that the Home Owners Loan Act of 1933 (HOLA), 12 U.S.C. § 1464(a) (1976 & Supp. IV 1980), delegated to the Board the power to regulate federal savings and loan associations. Further, it held that regulations enacted by the Board precluded the application of Colorado's statutory 1% interest rate increase ceiling on mortgage assumptions to federally chartered savings and loan associations.

## I.

Little benefit would be derived from an extended discussion or consideration of the arguments put forward by both parties since the issue in controversy has recently been decided by the United States Supreme Court.

In *Fidelity Federal Savings & Loan Association v. de la Cuesta*, —— U.S. ——, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982), the Court held that a regulation of the Federal Home Loan Bank Board [4] permitting federal savings and loan associations to use "due-on-sale" [5] clauses in their mortgage contracts preempted any restrictions imposed by state law on the exercise of these clauses.

In *Fidelity Federal, supra*, the borrower had given Fidelity Federal a deed of trust which contained a due-on-sale clause. On the transfer of the property, Fidelity Federal gave notice of its intent to enforce the due-on-sale clause, but agreed to consent to the transfer if the purchaser agreed to increase the interest rate on the loan secured by the property to the then prevailing market rate. The purchasers refused to accept this condition, and Fidelity Federal then exercised its option to accelerate the loan. When the loan was not paid, Fidelity Federal instituted a nonjudicial foreclosure proceeding.

The purchasers filed suit, seeking a judicial declaration that the due-on-sale clause was not enforceable unless Fidelity Federal first showed that the transfer had harmed its security interest. They also sought an injunction against any foreclosure proceedings based on the due-on-sale clause.

The trial court granted Fidelity Federal's motion for summary judgment, holding that the federal government had preempted regulation of federally chartered savings and loan associations. The California Court of Appeal for the Fourth Appellate District reversed that judgment. *de la Cuesta v. Fidelity Federal Savings and Loan Association*, 121 Cal.App.3d 328, 175 Cal.Rptr. 467 (1981). The Supreme Court of California denied Fidelity Federal's petition for review.

The United States Supreme Court, recognizing that the majority of courts have con-

---

ject to the limitations and exceptions as provided in this section, any person with a security interest in real estate shall not, directly or indirectly:

. . . .

"(b) Increase the interest rate more than one percent per annum above the existing interest rate of the indebtedness or otherwise modify, for the benefit of the holder of the security interest, the terms and conditions of the indebtedness secured by such real estate, on account of the sale or transfer of such real estate or on account of the assumption of such indebtedness;"

4. 12 C.F.R. § 545.8–3(f) (1982).

5. The due-on-sale clause considered in *Fidelity Federal* is almost identical with that contained in the deed of trust signed by the Haugens. It provides that:

"If all or any part of the Property or an interest therein is sold or transferred by Borrower without Lender's prior written con-

sent, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) the creation of a purchase money security interest for household appliances, (c) a transfer by devise, descent or by operation of law upon the death of a joint tenant or (d) the grant of any leasehold interest of three years or less not containing an option to purchase, Lender may, at Lender's option, declare all the sums secured by this Deed of Trust to be immediately due and payable. Lender shall have waived such option to accelerate if, prior to the sale or transfer, Lender and the person to whom the Property is to be sold or transferred reach an agreement in writing that the credit of such person is satisfactory to Lender and that the interest payable on the sums secured by this Deed of Trust shall be at such rate as Lender shall request."

cluded that the Federal Home Loan Bank Board's regulations do preempt state regulation of federal savings and loans, noted probable jurisdiction. After review of the preemption doctrine, and the statutory authority of the Board to issue the due-on-sale regulation, the Court concluded "that the due-on-sale regulation is within the scope of the Board's authority under the HOLA and consistent with the Act's principal purposes." It then held that in promulgating the due-on-sale regulation the Board intended to preempt conflicting state restrictions on due-on-sale practices.

The facts and the issues of the case now before us are in no significant manner different than those in *Fidelity Federal, supra.* We conclude that the Board's due-on-sale regulation precludes the application to Western of the interest rate limitation set out in section 38–30–165(1)(b), C.R.S.1973 (1981 Supp.).

The judgment of the Colorado Court of Appeals is affirmed.