James G. INGLIS, Plaintiff-Appellant,

v.

Milton FEINERMAN, in his individual capacity as President of Federal Loan Bank of San Francisco; and Federal Home Loan Bank of San Francisco, a corporation, Defendants-Appellees.

No. 82–4404.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 18, 1983.

Decided March 8, 1983.

Elizabeth G. Leavy, Carroll, Burdick & McDonough, San Francisco, Cal., for plaintiff-appellant.

Robert M. Lieber, Robert L. Zaletel, Littler, Mendelson, Fastiff & Tichy, San Francisco, Cal., for defendants-appellees.

\* The Honorable David W. Williams, United States District Judge for the Central District of

Appeal from the United States District Court for the Northern District of California.

Before CHOY and ALARCON, Circuit Judges, and D. WILLIAMS \*, District Judge.

DAVID W. WILLIAMS, District Judge.

Appellant James G. Inglis [Inglis] appeals a District Court grant of summary judgment which upheld his termination of employment from appellee Federal Home Loan Bank of San Francisco [Bank] without a disciplinary hearing as outlined in the Bank's personnel manual. The Bank claims it terminated Inglis for an admitted breach of employee confidentiality.

The Bank was created under the Federal Home Loan Bank Act, 12 U.S.C. § 1421 *et. seq.* In 12 U.S.C. § 1432(a), the Act provides in pertinent part:

> the bank shall have the power to—select, employ and fix the compensation of such officers, employees, attorneys, and agents,—and to *dismiss at pleasure* such officers, employees and agents;

(Emphasis added.)

These provisions are similar to language in 12 U.S.C. § 341 (Fifth) of the Federal Reserve Act which gives Federal Reserve Banks the power to "dismiss at pleasure such officers or employees." In *Bollow v. Federal Reserve Bank of San Francisco,* 650 F.2d 1093 (9th Cir.1981), this court construed that section as preempting employee claims of wrongful discharge based on state law.

The plaintiff in *Bollow* was terminated by a Federal Reserve Bank after eleven years of employment. He sued for reinstatement, but the bank contended it had authority to fire him by virtue of the "dismiss at pleasure" provision of 12 U.S.C. § 341 (Fifth).

California, sitting by designation.

On appeal, the Ninth Circuit held that (1) federal law preempted California law and allowed the Federal Reserve Bank to dismiss its employees "at pleasure," and (2) a letter from the bank president to plaintiff assuring him of continued employment was *ultra vires* under the Federal Reserve Act and thus void.

In the instant case, Inglis argues that since the Bank adopted an employee manual which stated that employment was based on "good faith" and established procedures for disciplinary actions, the Bank should not be permitted to dismiss him except for certain causes. First, we note that this manual was not adopted by the Bank until well after Inglis was hired. Notwithstanding this difficulty with appellant's claim, we follow *Bollow* and hold that attempts to create employment rights from independent sources such as the employment manual are void under the Federal Home Loan Bank Act.

Inglis next urges us to follow *Tameny v. Atlantic Richfield Co.,* 27 Cal.3d 167, 164 Cal.Rptr. 839, 610 P.2d 1330 (1980), which limited an employer's right under Cal.Lab.Code § 2922 to terminate an employee "at will." The *Tameny* court held that, despite § 2922, Atlantic Richfield wrongfully discharged plaintiff for refusing to participate in an illegal price fixing scheme. Appellant argues that 12 U.S.C. § 1432(a) should be similarly limited and claims that the real reason for his termination was his insistence that the Bank conform its practices to federal law. We hold that § 1432(a) permits no inroads into the "dismiss at pleasure" language.

Inglis' constitutional claims are equally without merit. Inglis did not have a sufficient property interest in continued employment to invoke due process guarantees, and the Bank's termination of Inglis did not deprive him of any cognizable liberty interest.

The decision of the District Court is affirmed.