Barbara BERRY, Plaintiff-Appellant,

v.

AMERICAN FEDERAL SAVINGS, Bruce M. Wellens, Stephen R. Stiles and Paul Clarkin, Defendants-Appellees.

No. 85CA0278.

Colorado Court of Appeals, Div. II.

Nov. 6, 1986.

Ranson, Thomas & Yukawa, Stephanie H. Yukawa, Colorado Springs, for plaintiff-appellant.

Sherman, Howard, Baker & Wendleken, Raymond M. Deeny, Colorado Springs, Sherman & Howard, M. Edward Taylor, Stephen C. Peters, Denver, for defendants-appellees.

METZGER, Judge.

In this action arising out of an employer-employee relationship, plaintiff, Barbara Berry, appeals the summary judgment entered in favor of defendants, American Federal Savings (American Federal), Bruce M. Wellens, Stephen R. Stiles, and Paul Clarkin. We affirm.

Plaintiff was hired by American Federal as a part-time teller in early 1972. By January of 1980, she had been promoted to regional savings manager. In August 1980, plaintiff's supervisor, defendant Wellens, fired her.

Approximately one month before the termination of her employment, plaintiff and other employees received an employee manual, which included provisions regarding employment policy, counseling, and discipline. Plaintiff's claim was based entirely upon the provisions of that manual.

After her termination, plaintiff filed a complaint, alleging, among other things, that American Federal had wrongfully breached her employment agreement by terminating her employment without notice or good cause. In response, defendants filed a C.R.C.P. 12(b)(5) motion to dismiss, arguing that plaintiff's claims were preempted by federal law, specifically the Federal Home Loan Bank Board regulation set out at 12 C.F.R. § 563.39, which barred her claims.

The parties attached affidavits and a copy of American Federal's employee manual and its charter to their briefs in support of or in opposition to defendants' motion. Consequently, the trial court chose to treat defendants' motion as one for summary judgment pursuant to C.R.C.P. 56 and 59, and entered summary judgment in favor of defendants.

## I.

■ Plaintiff asserts that entry of summary judgment was improper because a genuine issue of material fact exists concerning whether 12 C.F.R. § 563.39 preempts her state law claim for breach of employment contract. The question is not one of fact, but one of law, and we conclude that the federal regulation does preempt plaintiff's claim and, thus, the trial court's entry of summary judgment in favor of defendants was proper.

The parties' affidavits and American Federal's charter establish that it is a federal savings and loan association governed by the rules and regulations of the Federal Home Loan Bank Board. See 12 U.S.C. § 1464(a). Under the Home Owners' Loan Act of 1933, 12 U.S.C. § 1464(a), the Federal Home Loan Bank Board is empowered to enact regulations to provide for the organization, operation, and regulation of federal savings and loan associations.

In *Inglis v. Feinerman,* 701 F.2d 97 (9th Cir.1983), *cert. denied,* 464 U.S. 1040, 104 S.Ct. 703, 79 L.Ed.2d 168 (1984), the court upheld a summary judgment against the plaintiff on his claim that his employment with a federal home loan bank was terminated in violation of public policy and in breach of an implied contract arising from the bank's personnel manual. Relying on 12 U.S.C. § 1432(a), which provided that such a bank shall have the power to dismiss officers, employees, and agents, the court held that the federal statute completely preempted any cause of action the employee might have had under California law.

The United States Supreme Court determined, in *Fidelity Federal Savings & Loan Ass'n v. De La Cuesta,* 458 U.S. 141, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982), that federal regulations have no less a preemptive effect than federal statutes. While that case did not address the specific regulation in question here, it nevertheless held that a Federal Home Loan Bank Board regulation, which was applicable to federally chartered savings and loan associations, preempted all conflicting state laws. *See also Haugen v. Western Federal Savings & Loan Ass'n,* 649 P.2d 323 (Colo.1982). Indeed, as the court observed in *People v. Coast Federal Savings & Loan Ass'n,* 98 F.Supp. 311 (S.D.Cal.1951), the regulations of the Federal Home Loan Bank Board cover "all aspects of every federal savings and loan association from its cradle to its corporate grave."

Thus, we hold that, as a matter of law, 12 C.F.R. § 563.39 preempts plaintiff's state law claims for breach of her alleged employment contract and the trial court's entry of summary judgment on this issue was proper.

## II.

■ Plaintiff next asserts that, even if her state law claim is preempted by federal law, genuine issues of material fact remain concerning whether the employees' manual complied with the requirements of federal law. Again, we disagree.

The regulation in question, 12 C.F.R. § 563.39, provides in pertinent part:

"An insured institution *may* enter into an employment contract with its officers and other employees *only in accordance*

with the requirements of this section. *All* employment contracts *shall be in writing* and *shall be approved specifically* by an institution's board of directors." (emphasis added)

Plaintiff's affidavit stated that she believed that the employees' manual operated as her written employment contract, since the manual had been approved by the board of directors of American Federal. The affidavit of the chief executive officer and chairman of the board of American Federal stated that no specific employment contract was proposed or approved by the board for plaintiff.

The fact that plaintiff "believed" the employee manual constituted a written, approved employment contract for her was not sufficient to raise a genuine issue of material fact. Plaintiff had no personal knowledge concerning the effect of the manual. Thus, her belief alone was not sufficient to constitute a material fact. *See National Surety Corp. v. Citizens State Bank*, 651 P.2d 460 (Colo.App.1982).

In light of this disposition, we need not address plaintiff's other contentions.

The judgment is affirmed.

SMITH and VAN CISE, JJ., concur.