Felix Charles RHEAMS, Plaintiff,

v.

BANKSTON, WRIGHT & GREENHILL, et al., Defendants.

Civ. A. No. SA–88–CA–971.

United States District Court,
W.D. Texas,
San Antonio Division.

Feb. 21, 1991.

Earle E. Cobb, Jr., San Antonio, Tex., for plaintiff.

George H. Spencer, Jr., Clemens & Spencer, San Antonio, Tex., David W. Dixon, Federal Reserve Bank of Dallas, Legal Dept., Dallas, Tex., and James M. Hill, Jr., Small, Craig & Werkenthin, San Antonio, Tex., for defendants.

## ORDER

PRADO, District Judge.

On this date the Court considered the Motion to Reconsider, filed on February 5, 1991, by Timothy Heup, Scott Gesell, Glenn Seeley, Jim Smith, and Robert Torres (the "Defendants").[1]  In this Motion Defendants request that the Court vacate its Order of January 31, 1991 (the "Order"), in which the Court determined that it lacked subject matter jurisdiction in this case and remanded the case to state court for further proceedings.  For the reasons set forth below, the Court finds that the Defendants' Motion is without merit and should therefore be denied.

### Background

The Plaintiff originally filed this case in state court asserting various state-law tort claims including misrepresentation, tortious interference with contract, defamation, negligence, bad faith and wrongful discharge.  The Defendants filed

a Petition for Removal, asserting three separate grounds for federal jurisdiction.  At a hearing on January 31, 1991, the Court ruled orally that the Plaintiff had failed to state a claim on which relief could be granted with respect to the allegations contained in the Plaintiff's First Amended Original Petition, paragraph VII, entitled "Conspiracy to Violate Civil Rights." [2]  The Court also ruled that it lacked subject matter jurisdiction over the remaining claims and therefore was required to remand the case to state court.

In their Motion to Reconsider, the Defendants do not object to the Court's ruling dismissing the Plaintiff's civil rights claims, nor do they contest the Court's finding that jurisdiction was not established under 28 U.S.C. § 1442(a)(1).  Therefore, these portions of the Court's Order are not at issue.

The Defendants oppose remanding the case, however, and urge two arguments in support of their position.  First, they argue that the Court erred in finding that the Defendants' employer, the Federal Home Loan Bank of Dallas, is not a "federal agency" as defined in 28 U.S.C. § 2671, for purposes of jurisdiction under 28 U.S.C. § 1346(b).  Second, they argue that federal question jurisdiction exists in this case because "the majority, if not all of Plaintiff's claims, are premised on the Bank's actions of terminating the Plaintiff's employment ... [and] ... the case will be resolved, to a large measure, by construing a federal statute, specifically, 12 U.S.C. § 1432(a)." [3] Motion to Reconsider and Supporting Brief, filed February 5, 1991, at 6.

### Federal Agency Issue

The Defendants argue that this Court erred in finding that the Defendants'

---

1.  Bankston, Wright & Greenhill, a law firm based in Austin, Texas, is also a defendant in this suit but did not join in the Petition for Removal and has not objected to the Court's Order of January 31, 1991.

2.  Dismissal is proper under Fed.R.Civ.P. 12(b)(6) if the complaint lacks an allegation regarding an element necessary to obtain relief. 2A J. Moore & J. Lucas, Moore's Federal Practice ¶ 12.07[2.–5], at 12–68; *see also Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir.1985) (dismissal of a § 1983 complaint for failure to

allege facts suggesting any municipal policy). In this case, the Plaintiff failed to allege any facts indicating that the Defendants' actions were under color of state law or that Plaintiff's rights were violated in any way by state action.

3.  The Court notes that the Defendants have asserted this jurisdictional argument for the first time in their Motion to Reconsider.  Although it appears to be untimely, the Court will nevertheless address this argument as well.  ·

employer, the Federal Home Loan Bank of Dallas, is not a "federal agency" as defined in 28 U.S.C. § 2671, and that its employees are not employees of the government for purposes of jurisdiction under 28 U.S.C. § 1346(b).

The Court notes that when a lawsuit is brought against an employee of the government pursuant to 28 U.S.C. § 1346(b), the Attorney General of the United States is required to defend the lawsuit. In fact, there is a specific procedure, set forth in 28 U.S.C. § 2679, that must be followed in *"any* civil action or proceeding brought in *any* court against *any* employee of the Government" under 28 U.S.C. § 1346(b). (Emphasis added). Pursuant to this procedure, when an employee of the government is sued, he is required to deliver the suit papers served on him to his immediate supervisor. The supervisor must then furnish copies of these papers to three people: 1) the United States attorney for the district where the proceeding is brought; 2) the Attorney General of the United States; and 3) the head of the defendant's employing federal agency. 28 U.S.C. § 2679(c). The Attorney General is then required to determine whether defendant-employee was acting within the scope of his office or employment at the time the incident complained of arose. If so, the action proceeds against the United States as the defendant. 28 U.S.C. § 2679(d)(1–2).

Defendants assert that the Federal Home Loan Bank of Dallas is a federal agency, that they are employees of the government, and that the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1346(b). As government employees, the Defendants also argue that they are immune from liability in this suit under the doctrine of sovereign immunity. Memorandum Brief in Support of Defendants' Motion to Dismiss or in the Alternative for Summary Judgment, filed March 6, 1989, at 4–12.

The record in this case, however, clearly shows that the explicit and mandatory procedure set forth in 28 U.S.C. § 2679 was never followed, that no United States attorney has ever appeared on behalf of these Defendants, that the United States is not a defendant in this matter, and that the Attorney General has never certified that this is, in fact, a suit against an employee of the government acting within the scope of his employment. It does not even appear that the United States would be liable in this case, if the Court rendered a verdict in favor of the Plaintiff. The Defendants' argument that they are somehow entitled to sovereign immunity in a case in which the *sovereign* is not involved is perilously close to being frivolous; the record simply does not support the Defendants' argument that they are employees of the government for purposes of jurisdiction under 28 U.S.C. § 1346(b).

At the January 31, 1991 hearing, this Court indicated that it found the case of *Lewis v. United States*, 680 F.2d 1239 (9th Cir.1982), to be persuasive authority with respect to the federal agency issue. In their Motion to Reconsider, however, the Defendants argue that the *Lewis* case is inapposite because it involved a federal reserve bank and not a federal home loan bank. Although the Defendants acknowledge that the two banking systems are similar, they insist that the federal home loan banks "are subject to a higher degree of control by the federal government." Motion to Reconsider and Supporting Brief, filed February 5, 1991, at 3.

In support of this argument, the Defendants refer to the difference between 12 U.S.C. § 341 (enumerating the powers of federal reserve banks) and 12 U.S.C. § 1432 (incorporation and powers of federal home loan banks.) The Defendants attribute great importance to the provisions of section 1432 which state that federal home loan banks have the power to select and employ officers and other employees "subject to the approval of" the Federal Home Loan Bank Board, and provide further that the powers granted to the federal home loan banks "may be exercised and enjoyed subject to the approval of" the Federal Home Loan Bank Board. Because they do not find similar language in section 341, the Defendants argue that "analogies drawn from the holding in *Lewis* ... are

inapplicable due to the express approval rights contained in 12 U.S.C. § 1432(a)." Motion to Reconsider and Supporting Brief, filed February 5, 1991, at 3–4.

Despite what appears to be careful research, the Defendants apparently failed to review other portions of the statute governing the federal reserve system. For example, 12 U.S.C. § 248, which enumerates the powers of the Board of Governors of the Federal Reserve System, provides that the Board has the power to suspend or remove any officer or director of a federal reserve bank. It further provides that the Board has the power to suspend the operations of the federal reserve banks and the power to exercise general supervision over all of the federal reserve banks. 12 U.S.C. § 248.

Having reviewed other portions of the statutes, the Court finds that the degree of control exercised by the government over the federal reserve banks is similar to that exercised over the federal home loan banks. In addition, other courts have acknowledged the similarity between the two banking systems. *See e.g. Inglis v. Feinerman*, 701 F.2d 97, 98 (9th Cir.1983), *cert. denied*, 464 U.S. 1040, 104 S.Ct. 703, 79 L.Ed.2d 168 (1984)[4]; *Association of Data Processing Serv. Org., Inc. v. Federal Home Loan Bank Bd.*, 568 F.2d 478, 488 (6th Cir.1977) ("In establishing the federal home loan bank system, it is apparent that the Congress had in mind a structure similar to the federal reserve system.") In conclusion, the Defendants' argument, that the difference between 12 U.S.C. § 341 and 12 U.S.C. § 1432 precludes a meaningful comparison between the two banking systems on the issue of "federal agency," is without merit.

The Defendants cite the case of *Fahey v. O'Melveny*, 200 F.2d 420 (9th Cir.), *cert. denied*, 345 U.S. 952, 73 S.Ct. 863, 97 L.Ed. 1374 (1952), in support of their argument that the Federal Home Loan Bank of Dallas is a federal agency. However, the *Fa-*

*hey* case dealt primarily with the rights of member banks and stockholders to contest the action of the Federal Home Loan Bank Board in dissolving a regional home loan bank and transferring the assets of the dissolved bank to another regional bank. *See id.* It did not involve the question of whether an entity is a federal agency for purposes of the Federal Tort Claims Act, and the Defendants' reliance on dicta from *Fahey* is misplaced and unpersuasive in this case.

A subsequent Ninth Circuit decision also casts doubt on the validity of the Defendants' interpretation of *Fahey*. *See Fidelity Fin. Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1435–36 (9th Cir.1986), *cert. denied*, 479 U.S. 1064, 107 S.Ct. 949, 93 L.Ed.2d 998 (1987). In *Fidelity*, the court made the following observations about the structure and functions of the Federal Home Loan Bank of San Francisco:

> [T]he Bank is privately owned and privately funded. It receives no government money, and its consolidated obligations are not guaranteed by the government. It is engaged in the business of making loans, which must be sound so that its obligations will be marketable. Its employees are not in the civil service, and it does not perform regulatory functions.

*Id.* at 1435. The court further observed that, while the regional federal home loan banks are created by a federal government agency (the Federal Home Loan Bank Board), and are subject to unusually extensive managerial supervision by the Bank Board, "the fact that a business is subject to extensive and detailed regulation does not alone render its actions governmental." *Id.* The Ninth Circuit's subsequent analysis in *Fidelity* indicates that the authoritative value of *Fahey* for the Defendants' federal agency argument is questionable.

**4.** In *Inglis*, the court found that the language contained in 12 U.S.C. § 1432(a), stating that the federal home loan banks had the authority to "dismiss at pleasure" their employees, was similar to the language in 12 U.S.C. § 341 of the Federal Reserve Act, which gives the federal reserve banks the power to "dismiss at pleasure" such officers or employees. *Inglis*, 701 F.2d at 98. This is the very portion of the statute at issue in this case.

In any event, this Court does not find the Defendants' argument persuasive.

Defendants also rely on the case of *Rust v. Johnson,* 597 F.2d 174 (9th Cir.1979), in support of their argument that the Federal Home Loan Bank of Dallas is a federal agency. The *Rust* case did not, however, involve a federal home loan bank, nor did it involve the issue of whether an entity is a federal agency for purposes of the Federal Tort Claims Act. Nor does the case of *Saratoga Sav. and Loan Ass'n v. Federal Home Loan Bank of San Francisco,* 724 F.Supp. 683 (N.D.Cal.1989) support Defendants' contention. That case involved a dispute over the examination of a federally insured savings and loan institution by employees of a regional federal home loan bank pursuant to an express delegation of authority by the Federal Home Loan Bank Board. The court granted the Federal Home Loan Bank of San Francisco's motion to dismiss because the delegation of authority was to the individual employees and not to the regional home loan bank and, therefore, no action of those employees was attributable to the regional bank. *Id.* at 684–686.

Despite the sound and fury of their contentions, the Defendants have failed to direct this Court to any authority that would merit vacating its prior ruling on this issue. The Court therefore rejects the Defendants' arguments and reiterates its prior ruling that: (1) the Federal Home Loan Bank of Dallas is not a "federal agency," (2) the Defendants are not employees of the government, and (3) there is no jurisdiction in this case under 28 U.S.C. § 1346(b).

### *Federal Question Jurisdiction*

■ The Defendants next argue that this Court has federal question jurisdiction in this case. The Defendants contend that the "dismiss at pleasure" language contained in 12 U.S.C. § 1432(a)[5] creates an absolute defense to the Plaintiff's wrongful termination claims, and that "the case will be resolved ... by construing a federal statute...." Motion to Reconsider and Supporting Brief, filed February 5, 1991 at 6. This argument misses the point.[6] The party seeking to remove a case from state court to federal court has the burden of establishing federal jurisdiction. *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir.1988). In addition, because removal jurisdiction raises significant federalism concerns, the courts have held that it must be strictly construed. *Id.*

In cases in which there is no diversity of citizenship, the propriety of removal turns on whether the case falls within the original "federal question" jurisdiction of the United States district courts. *Franchise Tax Board,* 463 U.S. at 8, 103 S.Ct. at 2845–46; 28 U.S.C. § 1441(b). A defendant's ability to remove a case on the basis of federal question jurisdiction is severely limited, however, by the "well-pleaded complaint" rule. *Franchise Tax Board,* 463 U.S. at 9, 103 S.Ct. at 2846; *Aaron v. National Union Fire Ins. Co.,* 876 F.2d 1157, 1160 (5th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990). This rule provides that the plaintiff's properly pleaded complaint governs the jurisdictional determination. If, on its face, the complaint contains no issue of federal law, then no federal question jurisdiction exists. *Aaron,* 876 F.2d at 1161. In other words, unless an essential element of the plaintiff's cause of action is a right or immunity created by the Constitution or laws of the United States, federal question

---

**5.** The relevant portion of the statute provides that after making and filing an organization certificate with the Federal Home Loan Bank Board, each regional home loan bank shall become "a body corporate ... [and] shall have power ... to select, employ, and fix the compensation of such officers, employees, attorneys, and agents as shall be necessary for the transaction of its business, subject to the approval of the Board; to define their duties, require bonds of them and fix the penalties thereof, and to

dismiss at pleasure such officers, employees, attorneys, and agents...." 12 U.S.C. § 1432(a).

**6.** Although some commentators have recommended that removal should be permitted in cases in which a federal defense is dispositive, these recommendations have never been adopted. *See generally, Franchise Tax Bd. of Ca. v. Construction Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 10 n. 9, 103 S.Ct. 2841, 2847 n. 9, 77 L.Ed.2d 420 (1983) (citing authorities).

jurisdiction does not exist. *See Franchise Tax Board*, 463 U.S. at 10–11, 103 S.Ct. at 2846–47; *Gulley v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936).

Since 1887, the law has been well-settled that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint and even if both parties admit that the defense is the only question at issue in the case. *See Franchise Tax Board*, 463 U.S. at 10–14, 103 S.Ct. at 2846–49; *Aaron*, 876 F.2d at 1161; *Willy*, 855 F.2d at 1165. There are, however, exceptions to this rule.

Under the artful pleading doctrine, a court may review the plaintiff's complaint in order to determine whether the plaintiff's failure to plead his federal claim was an attempt to conceal the fact that the claim was truly federal. If so, the court will allow removal. *Aaron*, 876 F.2d at 1160. Additionally, a court may find that federal law has so completely preempted a field of state law that the plaintiff's complaint must be recharacterized as stating a federal cause of action. *Id.* at 1161. Neither of these exceptions, however, apply in this case.

The Defendants do not contend that the Plaintiff is, in fact, raising a claim under federal law. The Defendants themselves characterize the Plaintiff's claims as "common law tort allegations.... [including] misrepresentation, interference with contract rights, defamation, negligence, bad faith, and wrongful discharge." Memorandum Brief in Support of Defendants' Motion to Dismiss or in the Alternative for Summary Judgment, filed March 6, 1989, at 4. Thus, the artful pleading doctrine is inapplicable in this case.

Moreover, the Fifth Circuit has consistently held that for the defense of federal preemption to be viable as an exception to the well-pleaded complaint rule, there must

be "a clearly manifested congressional intent to make state claims removable to federal court." *Aaron*, 876 F.2d at 1163. Such an intent has been found only when the statute at issue contained *both* a civil enforcement provision and a specific jurisdictional grant to the federal courts to enforce the cause of action created therein. *Id.* at 1164–1165. Neither of these requirements is present in this case.[7] The "dismiss at pleasure" language cited by the Defendants from 12 U.S.C. § 1432(a) is nothing more than a statutory defense to a state-court cause of action. As stated by the Fifth Circuit court in *Aaron*, this is "the classic circumstance of non-removability." *Id.* at 1166.

The Defendants also cite the following cases in support of their argument: *Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928 (6th Cir.), *cert. denied*, 484 U.S. 945, 108 S.Ct. 333, 98 L.Ed.2d 360 (1987); *Inglis v. Feinerman*, 701 F.2d 97 (9th Cir.1983), *cert. denied*, 464 U.S. 1040, 104 S.Ct. 703, 79 L.Ed.2d 168 (1984); and *Bollow v. Federal Reserve Bank of San Francisco*, 650 F.2d 1093 (9th Cir.1981), *cert. denied*, 455 U.S. 948, 102 S.Ct. 1449, 71 L.Ed.2d 662 (1982). A close review of these cases reveals, however, that in each case the plaintiff asserted *federal* causes of action and, in fact, the actions in these cases all appear to have been filed in federal court initially. Therefore, none of these cases provides any authority whatsoever for Defendants' argument that removal is proper in this case.

As stated in its prior Order, the Court finds that it lacks jurisdiction in this case, that the case was removed improvidently, and that it should therefore be remanded to state court, pursuant to 28 U.S.C. § 1447(c).

Accordingly, the Defendants' Motion to Reconsider is hereby DENIED.

---

7. Interestingly, the defendants in *Aaron* had a far stronger preemption argument than do the Defendants in this case. However, the Fifth Circuit held, as it has consistently done in the past, that removal jurisdiction should be strictly construed, and that the district court erred in *not* remanding the case to state court *Aaron*, 876 F.2d at 1166.