Margaret M. **KISPERT**, Plaintiff,

v.

The **FEDERAL HOME LOAN BANK OF CINCINNATI**, Defendant.

No. C–1–90–027.

United States District Court, S.D. Ohio, W.D.

June 4, 1991.

Paul Henry Tobias, David Gerard Torchia, Tobias & Kraus, Cincinnati, Ohio, for Margaret M. Kispert.

Wilbur Laird Collins, Martin McHenry, Taft, Stettinius & Hollister, Cincinnati, Ohio, for Federal Home Loan Bank of Cincinnati.

Judy Lynn Pershern, Community Mut. Ins. Co., Cincinnati, Ohio, for Community Mut. Ins. Co.

## ORDER GRANTING IN PART AND RESERVING JUDGMENT ON THE REMAINDER OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SPIEGEL, District Judge.

This matter is before this Court for consideration of defendant's motion for summary judgment (doc. 10). The plaintiff has responded in opposition to all but part III.A of defendant's motion for summary judgment (doc. 26), and the defendant has replied (doc. 31). The plaintiff moved for an extension of time to file her opposition to part III.A of defendant's motion for summary judgment until discovery has been completed (doc. 28). This Court granted plaintiff's motion to extend until June 10, 1991 (doc. 34). Therefore, part III.A of defendant's motion for summary judgment is not yet ripe for decision, and this Court hereby reserves judgment on part III.A of defendant's motion for summary judgment. Further, the plaintiff has filed a motion to supplement her response to defendant's motion for summary judgment (doc. 33) which is opposed by the defendant (doc. 38). This Court hereby grants plaintiff's motion to supplement her response.

The plaintiff, Margaret Kispert, was employed by the defendant, The Federal Home Loan Bank (The Bank), as a receptionist and department secretary to the Human Resources Department from December 17, 1979 to October 6, 1988. In early 1987, Ms. Kispert believed that she was performing tasks which warranted a higher job classification level, that her yearly evaluations were average when she performed above average work and that she was not given the same opportunities as younger employees to receive additional computer training. She filed two charges with the OCRC in January, 1987.

Ms. Kispert's relationship with her supervisors continued to deteriorate culminating

in a dispute regarding her one day absence for a dental appointment and her interruption of a meeting. On October 3, Ms. Kispert was given three options by her supervisors, Mr. Fitzpatric and Mr. Witte: (1) to accept a lateral transfer as Department Secretary in another location where she would be on probation for six months, but retain the same pay, benefits, etc.; (2) to accept a series of temporary work assignments for her current department until December 31, 1988, during which period she would be free to pursue other employment opportunities either within or without the Bank; or (3) immediate termination of employment with severance pay and outplacement services. Ms. Kispert refused to choose between the options, and she was ultimately terminated with severance pay. The parties disagree as to whether Ms. Kispert quit or was terminated.

On January 6, 1989, Ms. Kispert filed a charge of age discrimination and retaliation under the Age Discrimination in Employment Act (ADEA). In her complaint, Ms. Kispert states two federal claims and five state claims. Her federal claims are: (1) that she was terminated because of her age in violation of the ADEA; and (2) that she was terminated in retaliation for filing charges with the OCRC in early 1987. Her state claims are: (1) that she was discriminated against based on her age in violation of Ohio Revised Code § 4101.17; (2) that she is entitled to damages and injunctive relief pursuant to Ohio Revised Code § 4112.99; (3) that she was terminated in breach of an implied contract of employment as set forth in the Bank's policy and procedure manual; (4) that the defendant made fraudulent or negligent misrepresentations; (5) that the plaintiff is entitled to recovery under the common law doctrine of promissory estoppel arising from the Bank's written policies and procedures regarding discharge of an employee.

The defendant filed a motion for summary judgment claiming, in relevant part, that Ms. Kispert's federal claims should be dismissed because she was not discharged from her employment—she quit, and that Ms. Kispert's state claims should be dismissed because they are preempted by fed-

eral law. The plaintiff has conceded that her implied contract claim and her promissory estoppel claim are preempted by federal law. The defendant's claim that Ms. Kispert quit rather than being terminated is not yet ripe for decision. Accordingly, this Court must now determine only whether plaintiff's state age discrimination claims and fraudulent/negligent misrepresentation claims are preempted by federal law. We conclude that all of Ms. Kispert's state claims are preempted by federal law.

The defendant, The Federal Home Loan Bank of Cincinnati, is a corporation chartered under the Federal Home Loan Bank Act. 12 U.S.C. § 1421 *et seq.* With respect to employment matters, Congress has defined certain rights and powers of the Bank:

> [S]uch banks shall become as of the date of the execution of its organization certificate, a body corporate, and as such and in its name as designated by the Board it shall have the power ... to dismiss at pleasure such officers, employees, attorneys, and agents;
>
> ...

12 U.S.C. § 1432(a).

The "at pleasure" language contained in the Federal Home Loan Bank Act is also used in the Federal Reserve Act and the National Bank Act. *See* 12 U.S.C. § 341. In *Ana Leon T. v. Federal Reserve Bank of Chicago,* 823 F.2d 928 (6th Cir.), *cert. denied,* 484 U.S. 945, 108 S.Ct. 333, 98 L.Ed.2d 360 (1987), the United States Court of Appeals for the Sixth Circuit held that the "at pleasure" clause in the Federal Reserve Act preempted employment rights created by Michigan state law. The Court specifically stated:

> [I]nasmuch as Leon was an employee of a Federal Reserve Bank, her rights under the Elliott–Larsen Act [Michigan's law prohibiting discrimination in employment] were preempted by federal law. Section 4, Fifth, of the Federal Reserve Act, 12 U.S.C. § 341, Fifth, specifically provides that employees of a Federal Reserve Bank may be dismissed "at pleas-

ure." *This provision preempts any state-created right to the contrary.* *Id.* at 931 (emphasis added).

The "at pleasure" phrase used in the Federal Reserve Act is identical to the one at issue in this case. The Federal Home Loan Bank Act specifically empowers the institutions it governs to dismiss an employee "at pleasure." 12 U.S.C. § 1432(a). Therefore, as Ms. Kispert was an employee of a Federal Home Loan Bank, her employment rights under Ohio law are preempted by federal law. The power of a Federal Home Loan Bank to dismiss its employees "at pleasure" preempts any contrary right created by state law. Therefore, Ms. Kispert's claims under Ohio Revised Code § 4101.17 and § 4112.99 must be dismissed.

The plaintiff contends that tort claims, other than claims for wrongful discharge, are not absolutely preempted by federal law. While *employment* rights created by state law are preempted by the Federal Home Loan Bank Act, it does not necessarily follow that tort claims arising out of impermissible conduct prior to the discharge are also preempted. *See Rohde v. First Deposit Nat'l. Bank,* 127 N.H. 107, 497 A.2d 1214 (1985).

However, in the case at bar, the plaintiff alleges that the bank intentionally made misrepresentations in the policy manual, that she relied on those misrepresentations, and that she was ultimately discharged because of actions taken in reliance on those misrepresentations. These allegations are essentially a restatement of the plaintiff's promissory estoppel claim, which is unquestionably preempted. Further, the only compensable injury that plaintiff has sustained results from her termination, and this Court is powerless to award damages for such a discharge because the Bank has the statutory authority to discharge Ms. Kispert "at pleasure." Accordingly, plaintiff's claim for fraudulent/negligent misrepresentation must also be dismissed.

Any employment contract that restricts the Bank's statutory right to terminate "at pleasure" is in violation of 12 U.S.C. § 1432(a) and, therefore, unenforceable. *See, e.g., Armano v. Federal Reserve Bank of Boston,* 468 F.Supp. 674 (D.Mass.1979). In spite of the federal statute, the Federal Home Loan Bank of Cincinnati set forth in its policy manual a very specific procedure ensuring its employees that they would be entitled to certain rights prior to termination. "We have an obligation to harmonize the regulations and statute if possible but, if not, our obligation is to uphold the statute." *Berger v. Pierce,* 933 F.2d 393, 397 (6th Cir.1991). Because those manual provisions are unenforceable, the Bank has no legal duty to comply with its own representations. However, the officers of that Bank certainly have a moral obligation to either comply with their own stated procedures or eliminate those false assurances from their publications.

## CONCLUSION

For the reaons set forth above, the plaintiff's claims for violation of state law are hereby dismissed. This Court will address defendant's motion for summary judgment on the plaintiff's federal claims when that issue becomes ripe.

SO ORDERED.

## APPENDIX

### STIPULATION OF DISMISSAL

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the attorneys of record for all parties to the above-entitled action, that it be dismissed with prejudice, each party to bear its own costs and attorneys' fees. This stipulation may be filed without further notice with the Clerk of the Court pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

Dated: November 20, 1991.

STIPULATED AND AGREED:

(s) <u>David Torchia</u>

David Torchia, Esq.

Trial Attorney for Plaintiff

Tobias & Kraus

911 Mercantile Library Building

414 Walnut Street
Cincinnati, OH 45202
(513) 241–8137
(s) <u>Martin McHenry</u>
Martin McHenry
Trial Attorney for Defendant
Taft, Stettinius & Hollister
1800 Star Bank Center
425 Walnut Street
Cincinnati, OH 45202–3957
(513) 381–2838