Jon EWING, Plaintiff,

v.

FEDERAL HOME LOAN BANK OF DES MOINES; Richard Swanson; Nicholas Spaeth; and Michael Guttau, Defendants.

No. 4:09–cv–106.

United States District Court,
S.D. Iowa,
Central Division.

March 12, 2009.

Roxanne Barton Conlin, Roxanne Conlin & Associates, Des Moines, IA, for Plaintiff, Jon Ewing.

Frank B. Harty, Debra Lynne Hulett, Nyemaster Goode West Hansell & O'Brien PC, Des Moines, IA, for Defendants, Nicholas Spaeth and Richard Swanson.

## PRE–SCREENING ORDER

ROBERT W. PRATT, Chief Judge.

On January 6, 2009, Plaintiff filed a Petition against Defendants alleging age and race discrimination, in violation of the Iowa Code.[1] Defendant Nicholas Spaeth filed a

---

1. Plaintiff's Petition asserts two Counts: 1) race and age discrimination under Iowa Code Chapter 216.6 and 2) violation of Iowa Code Chapter 729.4. The Court notes that Iowa Code § 729.4 is a criminal statute, providing that any "employer ... convicted of a viola-

tion of subsection 1 [discriminating in the employment of individuals because of race, religion, color, sex, national origin, or ancestry] ... shall be guilty of a simple misdemeanor."

Notice of Removal on March 11, 2009, alleging that removal of the action is proper pursuant to 28 U.S.C. § 1442(a) on the following basis:

10. Defendant Federal Home Loan Bank is a federal instrumentality organized under the Federal Home Loan Home Bank Act, 12 U.S.C. §§ 1421, *et seq.*

. . . .

15. As noted in Plaintiff's Petition at Law, Defendant Nicholas Spaeth is the Executive Vice President and Corporate Secretary, General Counsel, and Chief Risk Officer of Defendant Federal Home Loan Bank of Des Moines

16. In this instant lawsuit, Mr. Spaeth has been sued in his capacity as Executive Vice President and Corporate Secretary, General Counsel and Chief Risk Officer of Defendant Federal Home Loan Bank of Des Moines for actions taken under color of such office in terminating Plaintiff's employment with the Federal Home Loan Bank of Des Moines.

17. Mr. Spaeth has a colorable federal defense to Plaintiff's state law claims, because such claims are preempted by the Federal Home Loan Bank Act, 12 U.S.C. § 1432(a), which permits a Federal Home Loan Bank "to dismiss at pleasure" its employees.

18. As Mr. Spaeth has been sued in his capacity as an officer (or any person acting under that officer) of the United States or any agency thereof for acts under color of such office, this action may be removed to this Court pursuant to 28 U.S.C. § 1442(a)(1), without regard to whether the codefendants consent to such removal.

Clerk's No. 1 (Notice of Removal).

This Court, as a court of limited jurisdiction, has a duty to assure itself that it has subject matter jurisdiction in every case. *See Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis,* 893 F.2d 968, 969 (8th Cir.1990); *Sanders v. Clemco Indus.,* 823 F.2d 214, 216 (8th Cir.1987). In the present matter, Defendant Spaeth relies on 28 U.S.C. § 1442(a) as a basis for removal. Section 1442 provides:

(a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of revenue.

28 U.S.C. § 1442(a).

The United States Supreme Court has held that § 1442(a) is a "pure jurisdictional statute, seeking to do nothing more than grant district court jurisdiction over cases in which a federal officer is a defendant." *Mesa v. California,* 489 U.S. 121, 136, 109 S.Ct. 959, 103 L.Ed.2d 99(1989). "Section 1442(a), therefore, cannot independently support Art[icle] III 'arising under' jurisdiction. Rather, it is the raising of a federal question in the officer's removal petition that constitutes the federal law under

which the action against the officer arises for Art[icle] III purposes." *Id.* at 136–37, 109 S.Ct. 959 (noting that the statute merely eliminates the "well pleaded complaint" rule, permitting the federal question to be raised by the officer's defense). In the present matter, the Court is uncertain whether Defendant Federal Home Loan Bank of Des Moines is an "agency" of the United States and, correspondingly, whether Defendant Spaeth is an "officer ... of the United States or of any agency thereof."

The Court notes that Defendant Spaeth has not alleged that Federal Home Loan Bank of Des Moines is an "agency" of the United States, but rather that it is an "federal instrumentality." Notice of Removal ¶ 10. Section 1442 makes no mention of "instrumentalities," authorizing removal only by the "United States or any agency thereof or any officer ... of the United States or of any agency thereof." The term "agency" is defined for use in Title 28 as follows:

> As used in this title ... [t]he term "agency" includes any department, independent establishment, commission, administration, authority, board or bureau of the United States *or any corporation in which the United States has a proprietary interest,* unless the context shows that such term was intended to be used in a more limited sense.

28 U.S.C. § 451 (emphasis added).[2] The question of whether a Federal Home Loan Bank is an "agency" for purposes of §§ 451 and 1442(a) appears to be one of first impression. In a factually similar case decided in the context of the Federal Tort Claims Act,[3] however, the federal district court for the Western District of Texas concluded that "the Federal Home Loan Bank of Dallas is not a 'federal agency.'" *Rheams v. Bankston, Wright & Greenhill,* 756 F.Supp. 1004, 1008 (W.D.Tex.1991) (citing *Fidelity Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1435–36 (9th Cir.1986) for the proposition that "while the regional federal home loan banks are created by a federal government agency, and are subject to unusually extensive managerial supervision ... 'the fact that a business is subject to extensive and detailed regulation does not alone render its actions governmental'").

Defendant Spaeth, as the party seeking to remove the present action, bears the burden of demonstrating that subject matter jurisdiction is appropriate. *See Green v. Ameritrade, Inc.,* 279 F.3d 590, 596 (8th Cir.2002). Accordingly, Defendant Spaeth shall file a brief addressing the Court's concerns about removal under § 1442(a) by the close of business on March 25, 2009. Plaintiff may file a brief in response no later than April 1, 2009.

IT IS SO ORDERED.

---

**2.** While Plaintiff has alleged that Defendant Federal Home Loan Bank of Des Moines is a federally chartered corporation, Defendant Spaeth has not offered any argument that the United States has a proprietary interest in it.

**3.** The Federal Tort Claims Act defines "federal agency" as including "the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States."