854 F.2d 799
 SIDAG AKTIENGESELLSCHAFT, a Corporation of Switzerland, and
Sicilia Di R. Biebow & Co., a limited partnership
of Italy, Plaintiffs Appellants,
v.
SMOKED FOODS PRODUCTS CO., INC., et al., Defendants,
Ronald C. Cox and Sales, U.S.A., Inc., Defendant Appellee.
 No. 88-4061.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 15, 1988.
 
 Roger Clifford Clapp, E. Scott Lowicki, Florence, Miss., for plaintiffs appellants.
 L. Dan Tucker, Hubbard, Thurman, Turner & Tucker, Dallas, Tex., for defendant appellee.
 Appeal from the United States District Court for the Southern District of Mississippi.
 Before CLARK, Chief Judge, GARZA and POLITZ, Circuit Judges.
 GARZA, Circuit Judge:
 
 
 1
 This appeal arises from the granting of attorney's fees and costs in favor of Ronald C. Cox and Sales U.S.A., Inc. (Cox and Sales) and against Sidag Aktiengesellschaft (Sidag). We vacate the award of attorney's fees and remand for a hearing to determine whether the suit prosecuted against Cox and Sales was frivolous, vexatious, in bad faith, oppressive, or unreasonable, and, if so, for a determination of what reasonable attorney's fees are pursuant to Johnson v. Georgia Highway Express Inc., 488 F.2d 714 (5th Cir.1974). Finally, we affirm the award of costs.
 
 I.
 
 2
 This suit was filed in November, 1979, in Mississippi. Cox and Sales, appellees, were added as defendants by an amended complaint on January 26, 1981. Cox and Sales' Motion to Dismiss under Fed.R.Civ.P. 12(b) filed February 23, 1981, was denied. Cox and Sales next filed a motion for partial summary judgment on September 30, 1982 asserting res judicata following the July 28, 1982, resolution of the suit against them in the United States District Court for the Northern District of Texas. Their motion sought costs, expenses and attorney's fees incurred in obtaining the summary judgment, and in continuing to defend the Mississippi action since the July, 1982, decision in Texas. Appellants' allegations in the Texas case against the appellees here regarding the distributorship agreement were essentially the same as were urged in the Amended Complaint in the Mississippi case.
 
 
 3
 Sicilia Di R. Biebow and Co. (Sicilia) sued Cox and Sales in Texas in November, 1979, seeking damages and injunctive relief for unfair competition in violation of the Lanham Act, 15 U.S.C. Section 1115(a), and for breach of a distributorship contract made by Sicilia with Smoked Foods (Cox was President) as exclusive United States distributor of Sicilia brand lemon juice. The breach of contract allegations in the Texas suit included the marketing of the competing lemon and lime juice product, Pompeii, bottled in similar containers and sold through former Sicilia outlets. Following the Texas trial verdict of July 28, 1982, and the appeal by Sicilia, this Court reversed and remanded, but affirmed on the contract issues. See Sicilia Di R. Biebow & Co. v. Cox, 732 F.2d 417, 434-435 (5th Cir.1984).
 
 
 4
 In the Mississippi lawsuit, Sicilia and Sidag sought damages on an open account and various breach of contract, statutory and common law conspiracy theories. The court below granted Cox and Sales' motion for partial summary judgment on August 25, 1983. On Sidag's motion to reconsider the lower court took the matter under advisement pending the outcome of the appeal of the 1982 Texas verdict. By order of dismissal on September 19, 1984, the lower court dismissed Cox and Sales, this time ordering Sidag to pay Cox and Sales' costs, expenses and attorney's fees, and ordering them to
 
 
 5
 submit by way of affidavit, their itemized listing of costs, expenses and attorneys' fees which Plaintiffs are ordered to pay pursuant to this Order no later than thirty (30) days following the entry of this order.
 
 
 6
 Final judgment was entered September 27, 1984, for the costs, expenses and attorney's fees awarded in the September 19, 1984 order.
 
 
 7
 In Sidag Aktiengesellschaft v. Smoked Foods Products Co., Inc., 776 F.2d 1270 (5th Cir.1985), we affirmed the dismissal of Cox and Sales but reversed and remanded the case as to Smoked Foods and Marcus Cox. On August 6, 1986, Cox and Sales submitted their itemized costs, expenses and attorney's fees. Sidag objected and requested a hearing on the record to determine the propriety of the submission. The appellants argued they would show no attorneys fees were owed to appellees' attorneys. Appellants urged the appellees' attorneys had an agreement with the appellees to represent them for nothing or for a significantly reduced fee in order to avoid a mal-practice claim. The motion for a hearing was denied and Sidag was ordered on August 28, 1986, to pay Cox and Sales $27,365.32. An appeal followed, but was dismissed for lack of jurisdiction in Sidag Aktiengesellschaft v. Smoked Foods Products Co., 813 F.2d 81 (5th Cir.1987), pending the entry of a final judgment. Final judgment has now been entered in this case following a jury verdict in favor of Sicilia and Sidag from which this appeal arose.
 
 II.
 
 8
 The court below never concluded that the continued prosecution of the Mississippi proceeding following the verdict in the Texas case against Cox and Sales was frivolous, vexatious, in bad faith, oppressive, or unreasonable. In the absence of statutory authority, attorney's fees are not to be awarded unless the losing party has acted in bad faith or for oppressive reasons. International Woodworkers of America v. Champion Int'l Corp., 790 F.2d 1174, 1177 (5th Cir.1986). Only in exceptional cases and for dominating reasons of justice can the assessment of attorney's fees be justified. Fleischmann Distilling Corp., v. Maier Brewing Co., 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967).
 
 
 9
 In this circuit, the very rationale underlying "fee-shifting" pursuant to the bad faith exception to the American rule is considered punitive and therefore attorney's fees will only be awarded for sufficiently offensive conduct during litigation, in the absence of statutory provisions. Huddleston v. MacLean, 640 F.2d 534, 559-60 (5th Cir.1981).
 
 
 10
 The case at bar has never been alleged by anyone to be a case of bad faith or frivolous prosecution of a suit. Thus, we can only conclude absent statutory authority that before attorney's fees may be granted to a party there must be a showing the case was prosecuted in bad faith, frivolous, or for oppressive reasons.
 
 III.
 
 11
 If the district court concludes Cox and Sales are entitled to attorney's fees, any award must be made in accordance with Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974). The Johnson case has been identified as having twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. See Nisby v. Commissioners Court, 798 F.2d 134 (5th Cir.1986). Although the lower court did not grant all the attorney's fees submitted, there is no reference to these factors in its order.
 
 IV.
 
 12
 It is apparent from the record that the lower court determined the costs incurred were necessary for the use in this litigation, including the deposition costs which Sidag argues were used only in the Texas case. After reviewing the record, we find no error has been committed by the lower court in awarding costs, and accordingly affirm that portion of the order. The lower court has wide discretion in this determination and we will not reverse unless there is a clear showing of an abuse of discretion.
 
 V.
 
 13
 In conclusion, we VACATE and REMAND to the lower court for a hearing to determine if any attorney's fees are due, and AFFIRM that portion which allows Cox and Sales their costs in this litigation.