**SIDAG AKTIENGESELLSCHAFT a corporation of Switzerland and Sicilia Di R. Biebow & Company, a Limited Partnership of Italy, Plaintiffs–Appellees,**

v.

**SMOKED FOODS PRODUCTS COMPANY, INC. and Marcus Cox, Defendants,**

**Ronald C. Cox and Sales U.S.A., Inc., Defendants–Appellants.**

No. 91–1135.

United States Court of Appeals, Fifth Circuit.

May 15, 1992.

Rehearing and Rehearing En Banc Denied June 12, 1992.

L. Dan Tucker, Charles W. Gaines, Hubbard, Thurman, Tucker & Harris, Dallas, Tex., for defendants-appellants.

Roger C. Clapp, Florence, Miss., Jane Sanders Lewis, John Roach, Jackson, Miss., for plaintiffs-appellees.

Before POLITZ, Chief Judge, and REYNALDO G. GARZA and WIENER, Circuit Judges.

WIENER, Circuit Judge:

The defendants in an action previously found to have been barred by *res judicata* and, on remand, found to have been frivolously maintained by appellees, now appeal that court's refusal to award attorney fees. Finding that the district court violated our prior mandate to award attorney fees to defendants if on remand that court found frivolity by appellees (which it found), we affirm in part, reverse in part, and render.

## I.

### FACTS

In November 1979, Sidag Aktiengesellschaft (Sidag) and Sicilia Di R. Biebow & Co. (Sicilia) filed suit against Smoked Foods Products, Inc. and Marcus Cox in the Southern District of Mississippi. The appellants here, Ronald Cox (Cox) and Sales U.S.A. (Sales), were added as defendants in January 1981. Sidag and Sicilia had filed a related lawsuit with similar allegations against Cox and Sales in the Northern District of Texas in November 1979. On July 28, 1982, the Texas court dismissed the action against Cox and Sales.

Cox and Sales filed a motion for summary judgment in the Mississippi court, asserting that *res judicata* barred the claims against them. The Mississippi district court granted the motion for summary judgment and dismissed Cox and Sales on September 20, 1984, awarding them expenses and reasonable attorney fees in unspecified amounts for defending the barred claims after July 28, 1982.

Sidag and Sicilia appealed the dismissal to this court. On appeal in *Sidag I*,[1] we affirmed on the basis of *res judicata*. Following our affirmance, the district court issued an order on August 28, 1986, awarding Cox and Sales $27,365 in costs, attorney fees and expenses.

Sidag and Sicilia appealed that award to this court, but in *Sidag II*,[2] we dismissed that appeal for lack of jurisdiction. As the remaining issues against the other defendants had not been finally resolved, there was no entry of final judgment so the appeal of the award of fees and costs was premature.

After the remaining issues were resolved at trial, Sidag and Sicilia again appealed the award of costs and attorney fees to this court. In *Sidag III*,[3] we vacated the award

---

1. *Sidag Aktiengesellschaft v. Smoked Foods Products Co., Inc.*, 776 F.2d 1270, 1276 (5th Cir.1985).

2. *Sidag Aktiengesellschaft v. Smoked Foods Products Co., Inc.*, 813 F.2d 81 (5th Cir.1987).

3. *Sidag Aktiengesellschaft v. Smoked Foods Products Co., Inc.*, 854 F.2d 799 (5th Cir.1988).

of attorney fees and remanded to the district court for a hearing to determine whether *attorney fees* (not sanctions) were appropriate. We noted that in awarding attorney fees, the district court had not made the necessary finding that the continued prosecution of the Mississippi proceedings following the dismissal of the Texas case against Cox and Sales was "frivolous, vexatious, in bad faith, oppressive, or unreasonable." [4]

On remand, the district court held an evidentiary hearing and concluded that (1) Sidag and Sicilia should have dismissed Cox and Sales from the Mississippi suit when the Texas court made its ruling; (2) their pursuit of the Mississippi action against Cox and Sales was frivolous; and (3) *sanctions* (not attorney fees) under FED. R.CIV.P. 11 were appropriate. The district court stated that under *Thomas v. Capital Security Services, Inc.,*[5] Rule 11 required the imposition of the least severe *sanction* and that the award of attorney fees would be too severe in this case. The district court therefore issued only a reprimand against Sidag and Sicilia. Cox and Sales appeal.

## II.

## ANALYSIS

◼ In the introductory paragraph of *Sidag III,* we stated:

We vacate the award of attorney's fees and remand for a hearing to determine whether the suit prosecuted against Cox and Sales was frivolous, vexatious, in bad faith, oppressive, or unreasonable, and, if so, for a determination of what reasonable attorney's fees are pursuant to *Johnson v. Georgia Highway Express Inc.,* 488 F.2d 714 (5th Cir.1974).[6]

Cox and Sales point to that language and argue that we clearly instructed the district court to award attorney fees if that court found that Sidag's and Sicilia's actions in pursuing the Mississippi action were frivolous. As the district court made the find-

ing of frivolity on remand, the argument continues, that court abused its discretion and violated our mandate when it analyzed the issue as one of sanctions in light of *Thomas* and issued only a reprimand as the least severe sanction, instead of following our express instructions in *Sidag III* to determine the quantum of attorney fees in light of *Johnson.* We agree.

In *Sidag III,* we mandated a two-step analysis for the district court to follow on remand. We instructed that court first to conduct a hearing to determine whether Sidag's and Sicilia's actions were frivolous, vexatious, in bad faith, oppressive, or unreasonable. The first step was clearly stated in the disjunctive; an affirmative finding that any one of the five reprobated characteristics would suffice to trigger the second step. As the second step, we clearly instructed the district court that if the hearing revealed that Sidag's and Sicilia's actions met one or more of those characteristics, the court was to turn to *Johnson*—not *Thomas*—and determine the quantum of attorney fees—not sanctions—owed by Sidag and Sicilia to Cox and Sales.

The district court followed the first step of our mandate by conducting an evidentiary hearing. But when the court found frivolity, it inexplicably departed from the second step of our mandate, ignoring *Johnson* and attorney fees and considering instead *Thomas* and sanctions. Nothing in our opinion in *Sidag III* gave the district court the authority to depart from the award of attorney fees under *Johnson* and to analyze Sidag's and Sicilia's actions in light of Rule 11 and *Thomas.*

◼ Having concluded that the district court erred in refusing to award attorney fees to Cox and Sales, we could remand this case—*Sidag IV!*—to the district court to determine the quantum of attorney fees to which those parties are entitled. But as this case is now before us for the fourth time, no useful purpose would be served by further delaying its final disposition, not to mention exposing the parties and this court

---

**4.** *Id.* at 801.

**5.** 836 F.2d 866, 877–78 (5th Cir.1988).

**6.** *Sidag III,* 854 F.2d at 800.

to yet a fifth appeal! At the hearing on remand, and through affidavits filed with this court, Cox and Sales presented evidence sufficient for us to determine the quantum of reasonable attorney fees without the necessity of another remand.

■ On the most recent remand, Cox and Sales produced affidavits and billing records at the evidentiary hearing showing that they had incurred $63,571.88 in attorney fees, costs and expenses since July 28, 1982, the date on which the Texas court dismissed the action against them. We find that Cox and Sales are entitled to recover that amount from Sidag and Sicilia as reasonable attorney fees, costs and expenses.

■ In addition, "[w]e are empowered to make an award for the services rendered in this court."[7] Cox and Sales have submitted evidence to this court that they have incurred $38,142.58 in attorney fees, costs and expenses in pursuing the instant appeal. We have analyzed the supporting documentation for that amount and have considered Sidag's and Sicilia's objections as well, and we conclude that the amount proposed by Cox and Sales is excessive in light of the lengthy history of this case on prior appeals and the narrow issue involved in this appeal. We hold that $15,000 is a reasonable sum for attorney fees and that $3,250 is reasonable for costs and expenses in this appeal. We therefore award Cox and Sales attorney fees, costs and expenses in the total amount of $18,250 for this appeal.

### III.

### CONCLUSION

The district court was not clearly erroneous in finding the actions of Sidag and Sicilia frivolous, but abused its discretion when it ignored our clear mandate to award attorney fees to Cox and Sales upon a finding that Sidag's and Sicilia's actions were, *inter alia*, frivolous, and in finding instead that those actions were sanctionable under Rule 11, and issuing a reprimand

7. *Leroy v. City of Houston,* 906 F.2d 1068, 1086 (5th Cir.1990) (quoting *Davis v. Board of School*

therefor. We therefore AFFIRM the judgment of the district court to the extent it found that the actions of Sidag and Sicilia were frivolous, REVERSE the judgment of the district court to the extent it sanctioned Sidag and Sicilia, and RENDER judgment against Sidag and Sicilia and in favor of Cox and Sales in the amount of $63,571.88 for reasonable attorney fees, costs and expenses in defending the actions determined by the district court to have been frivolous, plus $18,250 for reasonable attorney fees, costs and expenses for having to prosecute this appeal.

*Comm'rs of Mobile County,* 526 F.2d 865, 868 (5th Cir.1976)).