Debra Barfield MASTERS, Individually, as Next Friend of Autumn Sheree Masters, a Minor, and as Representative of the Estate of Barney Nathan Masters, Deceased, Misty Hope Masters, Myron G. Masters, Sr., Margie Masters, and the Estate of Barney Nathan Masters, Deceased,

v.

SWIFTSHIPS FREEPORT, INC.

Civ. A. No. G–94–471.

United States District Court,
S.D.-Texas,
Galveston Division.

Nov. 17, 1994.

Jimmy Williamson, Houston, TX, for plaintiff.

Yancey White, White, Huseman, Pletcher & Powers, Corpus Christi, TX, for defendant.

### ORDER GRANTING MOTION TO REMAND

KENT, District Judge.

This is a wrongful death action brought against Swiftships Freeport, Inc. ("Swiftships") pursuant to the Texas Wrongful Death Statute, § 71.002 *et seq.*, and the Texas Survival Statute, § 71.021, of the Texas Civil Practice & Remedies Code. Plaintiff Debra Barfield Masters ("Masters") originally filed this action in the 149th Judicial District Court of Brazoria County, Texas. Defendant then removed the case to this Court pursuant to 28 U.S.C. § 1441(b), claiming that Plaintiff's claims are preempted by the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq.*, and that a federal question therefore exists. Before the Court now are Defendant's Motion to Dismiss and Plaintiff's Motion to Remand. For the reasons stated below, the Court finds that Plaintiff's Motion to Remand should be **GRANTED** because this Court does not have subject matter jurisdiction over the case, and there is no diversity between the parties. Thus, Defendant's Motion to Dismiss is rendered **MOOT.**

Barney Nathan Masters was killed on September 15, 1993, when the clips on a crane broke and caused an exhaust stack from a ship to swing loose and strike him in the head. Mr. Masters was the foreman at Swiftships' shipyard, where he was working at the time of the accident. Although the parties in this case dispute the question of whether or not Mr. Masters was a longshoreman or an "employee" at the time of the accident, it is undisputed that he was at all

times engaged in the trade of a ship repairer. Based on their varying perceptions of the underlying facts of this case, Plaintiff claims that whether or not Mr. Masters is an "employee" for the purposes of the LHWCA is a crucial factor in deciding whether or not the LHWCA applies to this case, while Defendant claims that the LHWCA clearly preempts any state-law claims the Plaintiff may have. The Court finds both parties' arguments in this case to be utterly irrelevant, because whether the LHWCA applies to this dispute or not, this Court does not have jurisdiction over the case.

Defendant's argument that this case has been properly removed to federal court because the LHWCA preempts Plaintiff's state-law claims is absurd on its face, and the Court is genuinely troubled as to how any such claim could be made in good faith. This Court has written at length on the proper application of the preemption doctrine to state-law claims. *See Brown v. Crop Hail Management, Inc.*, 813 F.Supp. 519 (S.D.Tex.1993) (Kent, J.). In *Brown*, this Court clearly and explicitly outlined the proper steps for determining whether or not a federal statute preempts state law, and in doing so, the Court fully discussed the Fifth Circuit's holding that the LHWCA does *not* completely preempt wrongful death actions. *See id.* at 523–27 (discussing *Aaron v. National Union Fire Insurance Co.*, 876 F.2d 1157 (5th Cir.1989), *cert. denied sub nom., American Home Insurance Group v. Aaron*, 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990)). As this Court pointed out, "the Fifth Circuit concluded that the LHWCA failed each part of this [preemption] test" and that removal of a wrongful death action on LHWCA grounds was improper. *Brown, supra*, 813 F.Supp. at 523–24.

Thus, in removing the instant case to this Court—and in contesting Plaintiff's Motion to Remand—the Defendant has ignored the clear case authority of both this Court and the Fifth Circuit, and it has not argued any good faith modification or extension of this authority, which is *absolutely* binding on Defendant. While the Court is not willing to find at this time that Defendant has taken these steps in *bad* faith, it does find that

Defendant's actions have been frivolous, and the Court is deeply troubled both by the waste of resources on its part and the expense imposed on the Plaintiff by Defendant's utterly groundless removal of this case. The Court can only conclude that Defendant has acted either in complete ignorance of the binding law in this matter or has chosen to disregard that law. In either case, Defendant is warned that this Court does not sit to hear frivolous or ignorant claims; it exists to administer justice between the parties before it, and to accomplish that difficult task, the Court relies on the learning and good faith of those who come before it. Having one of the largest civil dockets in the country, this Court can expect—or tolerate— no less.

Obviously, the claims and procedural posture of this case are virtually identical to those of *Aaron*, in which the Plaintiff brought a wrongful death claim action in state court for the death of a longshoreman. The Defendant removed the case to federal court, claiming that the LHWCA controlled the claim and that federal question jurisdiction was thus created. In a long and scholarly opinion, the Fifth Circuit explicitly rejected Defendant's arguments, holding instead that the LHWCA did *not* preempt the Plaintiff's state-law claims and that, as a result, the federal court had no jurisdiction over such claims.

In its analysis, the Fifth Circuit relied on two basic lines of argument that are equally applicable to the case currently before this Court. First, the Circuit pointed out that, because the Plaintiff had raised no federal question in its state-court Complaint, the well-pleaded complaint rule prevented the Defendant from removing the case merely by raising a defense that invoked a federal issue; a Plaintiff's properly-pleaded Complaint governs the jurisdictional issues at stake in a suit, and if no federal claim is raised on the face of the complaint, there is no federal jurisdiction. *Id.* at 1160. As in *Aaron*, Plaintiff Masters raised no federal claims in her Original Petition to the state court in this case. (See Plaintiff's Original Petition, Plaintiff's Response to Defendant's Motion to Dis-

miss, Exhibit A). Instead, she has stated only the state-law claims cited above.

The fact that Swiftships' Answer invokes the LHWCA and its provision that it is the exclusive remedy for injuries occurring under it is no argument against the well-pleaded complaint rule. *See* 33 U.S.C. § 905(a). In *Aaron,* the Circuit stated in the clearest possible terms that when the preemptive power of the LHWCA is asserted by a Defendant as a defense to a Plaintiff's claim, it will not overcome the well-pleaded complaint rule. *Aaron, supra,* 876 F.2d at 1166. Instead, "[t]he LHWCA is, in this case, nothing more than a statutory defense to a state-court cause of action—the classic circumstance of non-removability." *Id.*

■ Secondly, the Circuit also stated that the LHWCA does not permit removal of cases like the one before this Court because it does not thoroughly preempt state law in circumstances like those found in *Aaron* or in the instant case. The Court concluded that a federal statute does not completely preempt state law for the purposes of removal jurisdiction unless it meets a three-part test. First, the federal statute must provide a civil enforcement provision that creates a federal cause of action that both replaces and protects the same interests as the preempted state law cause of action. Second, the federal statute must provide a specific jurisdictional grant to the federal courts to enforce the cause of action created by that federal statute. Finally, there must be a clear congressional intent to make the preempted state claims removable to federal court. *See Rheams v. Bankston, Wright & Greenhill,* 756 F.Supp. 1004, 1009 (W.D.Tex.1991) (reciting the three elements of the *Aaron* test for determining whether complete preemption exists).

■ Based on these considerations, the Circuit determined that the LHWCA would not allow a Plaintiff to bring a wrongful death action in federal court because the federal statute contains no civil enforcement provision. Thus, the LHWCA does not create a cause of action in either state or federal courts for claims like those found in *Aaron* or the current case before this Court. *Id.* at 1164. In addition, the legislative history of the LHWCA does not indicate that Congress ever intended it to completely preempt state law. *Id.* For all these reasons, therefore, the LHWCA does not create federal removal jurisdiction in a case originally brought as a wrongful death action.

Thus, it is irrelevant to the remand question in this case whether the LHWCA applies or not. If it does not apply, the very basis of Defendant's removal argument is rendered void, and remand is required; if it does apply, the *Aaron* ruling clearly mandates that the LHWCA is insufficient to create removal jurisdiction. The Court, therefore, expresses no opinion on the applicability of the LHWCA in this case, and Defendant's Motion to Dismiss is therefore rendered **MOOT.** Instead, it decides that Swiftship's claim that the LHWCA creates proper removal jurisdiction under 28 U.S.C. § 1441(b) is incorrect, and the Plaintiff's Motion to Remand is **GRANTED** because this Court does not have subject matter jurisdiction.

■ In addition, having found that Defendant's removal and opposition to Plaintiff's Motion for Remand are frivolous and utterly groundless, the Court also **ORDERS** that attorney's fees in the amount of $500 be paid by Defendant to Plaintiff. *See Sidag Aktiengesellschaft v. Smoked Foods Products Co., Inc.,* 854 F.2d 799, 801 (5th Cir.1988) (stating that "before attorney's fees may be granted to a party there must be a showing the case was prosecuted in bad faith, frivolous [sic], or for oppressive reasons."). In granting this award, the Court estimates that the Plaintiff has spent three to four hours preparing its Motion to Remand at an hourly billing rate of approximately $150 per hour. Of course, the Court will allow Defendant to contest the amount awarded, but in that event, the Court will also consider an *upward* adjustment if Plaintiff can demonstrate by means of the factors and documentation required in this Circuit that a greater amount is due. *See Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). Defendant is to pay the amount awarded within thirty days of the date this Order is entered, and the Court will retain plenary jurisdiction over this case to enforce its Or-

der by means of any contempt proceedings that may be required. In addition, the Court **ORDERS** that Defendant pay to Plaintiff all taxable costs of court incurred in seeking remand to the state court in this matter.

Thus, the Court hereby **REMANDS** the above-captioned case to the 149th Judicial District Court of Brazoria County, Texas for want of subject matter jurisdiction. In doing so, the Court expressly refuses to rule on Defendant's Motion to Dismiss or on any issue other than remand raised by the parties in this case. Instead, all such determinations are expressly left for the decision of the state court. It is further **ORDERED** that the parties file no further pleadings in this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the courts of the State of Texas, as may be appropriate in due course.[1] Any relief not specifically granted herein is **DENIED**.

**IT IS SO ORDERED.**

**DONE.**

---

**1.** *See* 28 U.S.C. § 1447(d) (denying appellate review of a remand order based on lack of subject matter jurisdiction).