IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41037

_____


DORA GARCIA, Individually, and as Representative
Of the Estate of Bladimir Garcia and as next friend
Of Julianna Ruby Garcia and Yesenia Michelle Garcia,
Minor Children; Jose Garcia Vasquez; and Alba Garcia

                    Plaintiffs-Appellees,

          v.

AMFELS, INC.,

                    Defendant-Appellant.

          --------------------------------
          Appeal from the United States District Court
             for the Southern District of Texas
                    June 19, 2001

Before HIGGINBOTHAM and BENAVIDES, Circuit Judges and
DUPLANTIER[*], District Judge.

BENAVIDES, Circuit Judge:

     The Appellant, Amfels, Inc., appeals the district court's
order granting Appellees' motion for attorneys' fees and expenses
incurred in prosecuting their motion to remand under § 1447(c).
This case arose out of an accident which occurred on April 22,
1999, at the Amfels shipyard at the Port of Brownsville, Texas.
Tragically, Bladimir Garcia, during the course of his duties,
received an electric shock and died.

_____

     [*] District Judge of the Eastern District of Louisiana, sitting
by designation.

The Appellees, the Garcias, filed suit in Texas state court asserting Texas state law claims for negligence and premises liability.  Their petition made no reference to the Longshore and Harbor Worker's Compensation Act (LHWCA) or any other federal statute, regulation, law, or question.  In their answer, Amfels raised the LHWCA as an affirmative defense, arguing the suit was preempted.  Amfels then removed the case to federal court on the basis of federal question jurisdiction.  The Garcias filed a motion to remand the case to state court.  Relying upon our holding in *Aaron v. National Union Fire Ins. Co. of Pittsburg* [sic]*, Pa.*, 876 F.2d 1157 (5th Cir. 1989) that a LHWCA defense does not create federal subject matter jurisdiction, the district court granted the Garcias' motion to remand.

Section 1447(c) authorizes the district court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[1]  28 U.S.C. § 1447. This Court has appellate jurisdiction to review the imposition of

---

[1] Section 1447 (c) provides that:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case.

2

costs and fees even though 28 U.S.C. § 1447(d) provides that a remand order is not reviewable by appeal or otherwise. *Miranti v. Lee*, 3 F.3d 925, 927-28 (5th Cir. 1993). Central to the determination of whether attorneys' fees should be granted is the propriety of the defendant's decision to remove.[2] *Id.* at 928. In this case, the district court ruled that because Fifth Circuit law explicitly prevented removal based on a LHWCA defense, Defendant's removal of the case was frivolous. The district court ordered Amfels to pay $4,658.62 in attorneys' fees and expenses. The decision of the district court to award attorneys' fees is reviewed for an abuse of discretion. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 291 (5th Cir. 2000). Finding no abuse of discretion, we AFFIRM the judgment of the district court.

### Discussion

Appellant contends that in light of the apparent conflict between our holdings in *Atkinson v. Gates, McDonald & Co.*, 838

---

[2] The commentary accompanying the 1988 revision to § 1447 states that:

> the amendment of subdivision (c) now authorizes the court to add "actual expenses, including attorney fees", should it find that it was improper for the defendant to remove the case. The matter is left to the court's discretion, to be exercised based on the nature of the removal and the nature of the remand.

> David D. Siegel, Commentary on 1988 Revision to 28 U.S.C. § 1447 (West Supp. 1993).

F.2d 808 (5th Cir. 1988) and *Aaron v. National Union Fire Ins. Co. of Pittsburg, Pa.*, 876 F.2d 1157 (5th Cir. 1989), the district court abused its discretion by imposing costs and fees. In *Aaron*, a unanimous panel of this Court held that the LHWCA does not create federal subject matter jurisdiction when raised as a defense. *Aaron*, 876 F.2d at 1161-64. Appellant contends that *Aaron* runs contrary to our prior holding in *Atkinson*, wherein this Court relied upon the exclusivity provision of § 905(a) of the LHWCA to hold that the LHWCA was preemptive of the plaintiff's state law claims and provided the plaintiff's exclusive remedy. 838 F.2d at 809-810. *Atkinson*, however, was a diversity case and did not involve removal based on federal question jurisdiction. *Atkinson* therefore did not resolve the issue relevant to this appeal – that is, whether the LHWCA provides a basis for federal jurisdiction when raised as a defense.

Ultimately, Appellant is unable to cite any Fifth Circuit case, nor any persuasive authority from another circuit, supporting removal. Appellant therefore resorts to arguing that *Aaron* was wrongly decided.[3] Appellant's argument that Aaron was wrongly decided is as misplaced as it is unpersuasive. We do not have jurisdiction to review the district court's remand order.

---

[3] Before the district court, Appellant did not defend the removal as a good faith effort to obtain a change of existing law.

4

*See* 28 U.S.C. § 1447(d).  The sole issue on appeal is whether the district court abused its discretion in imposing costs and fees upon Appellant pursuant to § 1447(c).

Despite Appellant's attempt to conjure up a conflict in this Court's caselaw, there is no question that the LHWCA does not create federal subject matter jurisdiction supporting removal. *Aaron v. National Union Fire Ins. Co. of Pittsburg, Pa.*, 876 F.2d 1157 (5th Cir. 1989); *see also Hart v. Bayer Corp.*, 199 F.3d 239, 245 (5th Cir. 2000); *Griffis v. Gulf Coast Pre-Stress Co., Inc.*, 850 F.2d 1090, 1092 (5th Cir. 1988).  The LHWCA is a preemption defense that needs to be raised in state court.  Presented with controlling Fifth Circuit precedent and precedent from its own district imposing costs and fees for removal under the LHWCA, the district court clearly did not abuse its discretion in granting Appellees' motion for attorneys' fees and costs in connection with the motion to remand.  *See Masters v. Swiftships Freeport, Inc.*, 867 F.Supp. 555, 558-59 (S.D. Tex. 1994) (imposing costs and fees upon finding that Defendant's removal under the LHWCA was frivolous and utterly groundless).  Accordingly, the judgment of the district court is AFFIRMED.