IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50037
Summary Calendar

_____

JIM LACHANCE,

Plaintiff-Appellant,

versus

JEFFREY D. TALMADGE,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-00-CV-689-SS
--------------------
September 21, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Jim LaChance, proceeding pro se, appeals the district
court's order remanding this matter to state court and awarding
attorney's fees and costs in favor of the defendant, Jeffrey D.
Talmadge. LaChance, who is the plaintiff in this legal
malpractice action, argues that he properly removed the action
because Talmadge asserted a "separate lawsuit" against him and
that the district court's award of attorney's fees and costs is
unconstitutional.

_____

        * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

If necessary, this court must <u>sua sponte</u> examine the basis of its jurisdiction. <u>Mosley v. Cozby</u>, 813 F.2d 659, 660 (5th Cir. 1987). Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." This court "ha[s] construed the 28 U.S.C. § 1447(d) prohibition against appellate review of remand orders as being limited to those situations where the district court's remand order is grounded upon either subject matter jurisdiction or a timely filed [28 U.S.C.] § 1447(c) motion asserting a defect in removal." <u>Albarado v. S. Pac. Transp. Co.</u>, 199 F.3d 762, 764 (5th Cir. 1999) (citations omitted).

Talmadge timely filed a motion to remand pursuant to 28 U.S.C. § 1447(c), asserting that LaChance's removal of the action was improper because the federal removal statutes and the caselaw interpreting them do not allow a plaintiff to remove an action. The district court remanded the matter on that basis. Because the district court's remand order was grounded upon a timely filed 28 U.S.C. § 1447(c) motion asserting a defect in removal procedure, we have no jurisdiction to review the remand order. <u>See Albarado</u>, 199 F.3d at 766 (noting that statutory restrictions against removal were procedural defects). The appeal from the remand order is DISMISSED.

Although the district court's remand order is not reviewable on appeal, we may review for an abuse of discretion the district

court's 28 U.S.C. § 1447(c)** award of attorney's fees and costs. Garcia v. Amfels, Inc., 254 F.3d 585, 587 (5th Cir. 2001). "Central to the determination of whether attorneys' fees should be granted is the propriety of the [removing party's] decision to remove." Id. (citation omitted).

LaChance argues for the first time on appeal that his removal was proper because Talmadge's motion for an order determining LaChance a vexatious litigant was a "separate lawsuit" in which LaChance was made a defendant. This court will not consider the newly raised argument. See Shanks v. AlliedSignal, Inc., 169 F.3d 988, 993 n.6 (5th Cir. 1999). Moreover, the argument is frivolous on its face. See 28 U.S.C. §§ 1441, 1446; Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-08 (1941) (holding that a plaintiff may not remove an action even when a counterclaim is filed). LaChance fails to demonstrate that the district court abused its discretion in awarding attorney's fees and costs for his improper removal; therefore, we AFFIRM the district court's 28 U.S.C. § 1447(c) award. Garcia, 254 F.3d at 587.

LaChance's motion to supplement the record on appeal and Talmadge's request for sanctions are DENIED.

APPEAL FROM REMAND ORDER DISMISSED; AWARD OF ATTORNEY'S FEES AND COSTS AFFIRMED; MOTION TO SUPPLEMENT THE RECORD DENIED; REQUEST FOR SANCTIONS DENIED.

---

** Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).