[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 28, 2006
THOMAS K. KAHN
CLERK

No. 05-13843
Non-Argument Calendar

_____

D. C. Docket No. 04-80782-CV-WJZ

STEPHEN N. MARTYAK,

Plaintiff-Appellant,

versus

JUDITH A. MARTYAK,
SANDRA MCSORLEY, Honorable,
Fifteenth Judicial Circuit
Court of Florida, in her
official capacity,
FIFTEENTH JUDICIAL CIRCUIT
COURT OF FLORIDA, The Honorable
Edward Fine, Chief Judge, in
his Official Capacity,
JAMES ZINGALE, Chairman,
Executive Director Florida
Department of Revenue in his
Official capacity,
FLORIDA DEPARTMENT OF REVENUE,

Defendants-Appellees.

———————————————————

Appeal from the United States District Court
for the Southern District of Florida
———————————————————

**(February 28, 2006)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Stephen N. Martyak appeals an order awarding attorney's fees to his ex-wife, Judith A. Martyak, for Mr. Martyak's improper removal of a state case to federal court. See 28 U.S.C. § 1447(c). We affirm.

In 1991, Judith A. Martyak initiated dissolution of marriage proceedings in Florida state court against Mr. Martyak, and alimony was awarded in favor of Ms. Martyak. Mr. Martyak brought several appeals in Florida courts challenging the judgment, but the award of alimony was affirmed in each appeal. In August 2005, Mr. Martyak filed a notice of removal in federal district court and sought reversal of the alimony award on the ground that it violated several provisions of the U.S. Constitution. The district court concluded that Mr. Martyak's claims sought federal review of a final state court judgment and it lacked subject matter jurisdiction to review the claims under the Rooker-Feldman doctrine. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311 (1983);

2

Rooker v. Fidelity Trust Co., 263 U.S. 413, 416, 44 S. Ct. 149, 150 (1923). The district court remanded the case to state court and, because Mr. Martyak sought removal in violation of well-settled law, ordered Mr. Martyak to pay Ms. Martyak $8850 in attorney's fees.

We review an order awarding attorney's fees for abuse of discretion. Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 617 (11th Cir. 1990). Section 1447(c) provides, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c). "Central to the determination of whether attorneys' fees should be granted is the propriety of the defendant's decision to remove." Garcia v. Amfels, Inc., 254 F.3d 585, 587 (5th Cir. 2001).

Mr. Martyak's removal of the case was clearly improper. "[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings." Powell v. Powell, 80 F.3d 464, 466 (11th Cir. 1996) (quoting Feldman, 460 U.S. at 482, 103 S. Ct. at 1315). The district court did not abuse its discretion.

**AFFIRMED**.