# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 30, 2007**

Charles R. Fulbruge III
Clerk

No. 06-20476

CENTERPOINT ENERGY HOUSTON ELECTRIC LLC; CENTERPOINT
ENERGY ENTEX, an Unincorporated Division of Centerpoint Energy
Resources Corp

                                        Plaintiffs-Appellees

v.

HARRIS COUNTY TOLL ROAD AUTHORITY; HARRIS COUNTY

                                        Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Texas, Houston
No. 4:03-CV-2296

Before DENNIS and PRADO, Circuit Judges, and ENGELHARDT, District
Judge.[*]

PER CURIAM:[**]

   This appeal concerns an award of prejudgment interest and attorneys' fees
to Plaintiffs-Appellees Centerpoint Energy Houston Electric, LLC and
Centerpoint Energy Entex (collectively, "Centerpoint"), stemming from a lawsuit

---

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Centerpoint filed against Defendants-Appellants Harris County Toll Road Authority and Harris County (collectively, "Harris County") to recover costs associated with relocating Centerpoint's utility facilities. For the reasons that follow, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May 2003, Centerpoint filed suit against Harris County, alleging that Harris County's construction of the Westpark Tollway in Houston, Texas, required relocation of Centerpoint's gas and electric facilities and that Harris County was required to reimburse Centerpoint for these costs.[1] In addition to seeking relocation costs, Centerpoint sought prejudgment interest and attorneys' fees. The district court granted summary judgment in Centerpoint's favor and awarded relocation costs, but did not award prejudgment interest or attorneys' fees.

On appeal, this court affirmed the district court's grant of summary judgment and award of relocation costs, holding that Centerpoint was an "eligible utility facility" under section 251.102 of the Texas Transportation Code. Centerpoint Energy Houston Elec. LLC v. Harris County Toll Road Auth., 436 F.3d 541, 550 (5th Cir.), cert. denied, 126 S. Ct. 2945 (2006). On Centerpoint's cross-appeal, which sought to reverse the district court's denial of prejudgment interest and attorneys' fees, this court concluded that the district court failed to provide any reasoning for its denial. Id. Accordingly, this court vacated the district court's judgment as it related to prejudgment interest and attorneys' fees and remanded to the district court for reconsideration of those claims. Id. at 551.

On remand, the district court awarded prejudgment interest in the amount of $764,332.95 and attorneys' fees in the amount of $156,829.00, finding that

---

[1] Harris County removed the action to federal district court on June 27, 2003.

Centerpoint's request for these costs was "unopposed" and "undisputed." Harris County filed a motion for reconsideration, which the district court denied.

Harris County now appeals the district court's award of prejudgment interest and attorneys' fees. This court has jurisdiction under 28 U.S.C. § 1291.

## II. DISCUSSION

### A. Standard of Review

We review the district court's award of prejudgment interest for abuse of discretion. Jauch v. Nautical Servs., Inc., 470 F.3d 207, 214 (5th Cir. 2006). An award of attorneys' fees is also reviewed for abuse of discretion. Garcia v. Amfels, Inc., 254 F.3d 585, 587 (5th Cir. 2001). "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotation marks and citations omitted).

### B. Analysis

#### 1. Prejudgment Interest

Harris County argues that the district court abused its discretion in awarding prejudgment interest to Centerpoint because an award of prejudgment interest is barred by sovereign immunity. Harris County asserts that the district court erroneously treated the prejudgment issue as undisputed by Harris County. Instead, Harris County maintains that prior to the first appeal, it raised its sovereign immunity argument in its September 24, 2004, response to Centerpoint's motion for entry of final judgment, placing the issue squarely before the district court.

Centerpoint responds that Harris County waived its argument on sovereign immunity because Harris County failed to raise the issue before this court during the first appeal or before the district court on remand. Centerpoint contends that although Centerpoint challenged the district court's denial of prejudgment interest in the first appeal, Harris County neither responded to this

3

claim in its brief nor raised sovereign immunity as a defense. In addition, Centerpoint alleges that on remand to the district court, Harris County did not respond to Centerpoint's supplemental request for prejudgment interest. Because Harris County did not press this argument before the district court or this court, Centerpoint submits that Harris County has waived its sovereign immunity argument on appeal.

After reviewing the relevant portions of the record, we agree with Centerpoint that Harris County abandoned its argument that sovereign immunity precludes an award of prejudgment interest. Centerpoint's claim for prejudgment interest was at issue in the first appeal because Centerpoint cross-appealed the district court's denial of prejudgment interest and attorneys' fees. In the first appeal, Harris County did not respond to Centerpoint's arguments on prejudgment interest. Harris County's failure to respond prompted Centerpoint to maintain in its reply brief that Harris County "appear[s] to concede that [Centerpoint is] entitled to prejudgment interest on a final award of relocation costs by failing to address this cross-appeal issue in their reply brief." This court vacated the district court's denial of prejudgment interest and attorneys' fees and remanded to the district court for reconsideration of those items.

On remand, the district court ordered that "[Centerpoint] is to supplement, if necessary, or re-file its requests. Within 10 days of any filing by [Centerpoint], [Harris County] is to file any response desired." Centerpoint filed a supplemental brief reiterating its earlier arguments on prejudgment interest and repeating its contention that Harris County had conceded Centerpoint's entitlement to prejudgment interest by not addressing the claim for prejudgment interest on appeal. Despite Centerpoint's allegation that Harris County had conceded the issue of prejudgment interest by abandoning it in the first appeal, Harris County did not file a responsive supplemental brief in the district court.

4

Apparently based on Harris County's lack of response, the district court awarded prejudgment interest, finding Centerpoint's request "unopposed" and "undisputed."

In light of these proceedings, the district court did not abuse its discretion in awarding prejudgment interest based on its view that Centerpoint's request was "unopposed" and "undisputed." Harris County had ample opportunity on remand to respond to Centerpoint's arguments in favor of prejudgment interest and Centerpoint's allegation that Harris County had conceded the issue by failing to respond to it in the first appeal. Harris County's lack of response on the issue of prejudgment interest on remand, especially in the face of Centerpoint's argument on concession, is inexcusable because "[i]f a party wishes to preserve an argument for appeal, the party 'must press and not merely intimate the argument during the proceedings before the district court.'" Keelan v. Majesco Software, Inc., 407 F.3d 332, 340 (5th Cir. 2005) (quoting N.Y. Life Ins. Co. v. Brown, 84 F.3d 137, 141 n.4 (5th Cir. 1996)). Harris County did not even respond, much less press, an argument on sovereign immunity on remand before the district court. As this court has often warned, "[i]f an argument is not raised to such a degree that the district court has an opportunity to rule on it, we will not address it on appeal." FDIC v. Mijalis, 15 F.3d 1314, 1327 (5th Cir. 1994).

That Harris County mentioned the sovereign immunity argument in its response to Centerpoint's motion for entry of final judgment on September 24, 2004, is of no consequence. As Harris County made clear at oral argument, its sovereign immunity argument has been refined since its September 24, 2004, response. In any event, neither the district court nor this court has a duty to sift through the pleadings on file in order to find something to support Harris County's opposition to Centerpoint's claim for prejudgment interest. Cf. De la O v. Hous. Auth. of El Paso, 417 F.3d 495, 501 (5th Cir. 2005) ("Judges are not

like pigs, hunting for truffles buried in briefs.") (internal quotation marks and citation omitted).

Moreover, Harris County's effort to raise the issue on remand in its motion for reconsideration does not change the conclusion that Harris County abandoned its arguments on the issue of prejudgment interest. "[G]enerally speaking, we will not consider an issue raised for the first time in a Motion for Reconsideration." Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999); see also Mungo v. Taylor, 355 F.3d 969, 978 (7th Cir. 2004) ("Arguments raised for the first time in connection with a motion for reconsideration, however, are generally deemed to be waived.").

Harris County argues that Centerpoint waived this waiver argument by not raising it before the district court. But the proceedings indicate otherwise. From the moment that Harris County failed to oppose Centerpoint's claim for prejudgment interest, Centerpoint repeatedly asserted that Harris County had conceded this issue. Centerpoint made this argument not only before this court in the first appeal, but also before the district court on remand.

In any event, it was Harris County's responsibility as the appellant to ensure that its arguments were preserved for appeal. Cf. Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990 (1st Cir. 1988) (stating that "[a] party has a duty . . . to spell out its arguments squarely and distinctly. One should not be allowed to defeat the system by seeding the record with mysterious references . . . hoping to set the stage for an ambush should the ensuing ruling fail to suit."); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (recognizing that appellate courts should not permit "fleeting references to preserve questions on appeal"). Accordingly, we conclude that the district court did not abuse its discretion in awarding prejudgment interest to Centerpoint.

2.    Attorneys' Fees

Harris County also contests the district court's award of attorneys' fees. As Harris County explains, at the time that this court rendered its decision in the first appeal, no Texas court had construed "eligible utility facility" under section 251.102 of the Texas Transportation Code. However, that issue was recently taken up by the Texas Court of Appeals for the First District in Harris County Toll Road Authority v. Southwestern Bell Telephone, L.P., No. 01-05-00668-CV. Harris County asserts that if the state court construes section 251.102 differently than this court did in the first appeal, Harris County will file a motion requesting that this court recall its mandate and reconsider the case. Accordingly, Harris County mentions the issue of attorneys' fees only "to preserve the issue" should it ultimately prevail on the construction of section 251.102.

Harris County's arguments on this issue lack merit. Since Harris County filed its brief, the Texas Court of Appeals issued its opinion in Harris County Toll Road Authority v. Southwestern Bell Telephone, L.P., No. 01-05-00668-CV, 2006 WL 2641204, at **5-8 (Tex. App.–Houston [1st Dist.] Sept. 14, 2006, pet. filed), reaching the same construction of section 251.102 as this court on the meaning of "eligible utility facility." Even if the Texas Court of Appeals had construed section 251.102 differently than this court, however, we would have been precluded by the law of the case doctrine from entertaining Harris County's arguments on the legal conclusions reached by a panel of this court in an earlier appeal. See Breen v. Tex. A&M Univ., 485 F.3d 325, 336 (5th Cir. 2007) ("Under the law of the case doctrine, the factual findings and legal conclusions of a panel of this court continue to govern throughout that case; we will not ordinarily revisit those findings or conclusions on subsequent appeals."). Because Harris County has raised no real challenge to the district court's award of attorneys' fees, we conclude that the district court did not abuse its discretion in awarding attorneys' fees to Centerpoint.

## III. CONCLUSION

For the reasons stated above, the district court's award of prejudgment interest and attorneys' fees to Centerpoint is AFFIRMED.