# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2013

No. 12-20143
Summary Calendar

Lyle W. Cayce
Clerk

JAMES C. FASSINO; MARTHA N. FASSINO,

Plaintiffs-Appellees

v.

STATE FARM LLOYDS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-4533

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

On July 11, 2012, a panel of this court dismissed this appeal for lack of jurisdiction. On August 3, 2012, the panel granted appellant's motion for reconsideration. We agree with the panel, for the reasons articulated in its opinion, that this court lacks jurisdiction to consider whether remand was appropriate in this case.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20143

Nevertheless, this court does have jurisdiction to review the district court's attorneys' fee award pursuant to 28 U.S.C. § 1447(c).[1] *See Garcia v. Amfels, Inc.*, 254 F.3d 585, 587 (5th Cir. 2001) ("This Court has appellate jurisdiction to review the imposition of costs and fees even though 28 U.S.C. § 1447(d) provides that a remand order is not reviewable by appeal or otherwise."); *Miranti v. Lee*, 3 F.3d 925, 927-28 (5th Cir. 1993) ("Guided by . . . authorities which favor appellate review of a sanctions order (even if the remand order itself is not reviewable), we hold that § 1447(d) does not prohibit review by this court of the order of costs and fees.").

We review a district court's decision to award attorneys' fees for an abuse of discretion. *Garcia*, 354 F.3d at 587. "[T]he question we consider in applying [the fees provision of] § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

For essentially the reasons articulated in the district court's February 17, 2012 order, we hold that appellant did not have objectively reasonable grounds for removal, and, therefore, that the district court did not abuse its discretion in awarding attorneys' fees to appellee.

We AFFIRM the district court's award of attorney's fees and we DISMISS for lack of jurisdiction on the issue of whether remand was appropriate.

---

[1] 28 U.S.C. § 1447(c) states, in pertinent part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal."